UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERT B. BRUSELOFF,

    Plaintiff/Counter-Defendant,

                                 Case No. 06-CV-11190

vs.                                  HON. GEORGE CARAM STEEH

PUNITA LEATHERS, INC., a
Virginia corporation,

    Defendant/Counter-Plaintiff.
_____/

## ORDER DENYING NON-PARTY BIRCHCREST MARKETING INC. AND PLAINTIFF BERT BRUSELOFF'S MOTION FOR JOINDER (DOC # 37)

Before the court is a motion made by plaintiff and non-party Birchcrest Marketing, Inc., requesting that the court allow the amendment of the complaint to include Birchcrest Marketing as a plaintiff under Fed. R. Civ. P. 18(a).[1] Plaintiff asserts that the facts relating to the claims Birchcrest wishes to pursue against defendant are "virtually identical to those of Plaintiff Bruseloff's claim...." Plaintiff states that it wishes to join Birchcrest's claims with respect to Counts I, II, and IV of the plaintiff's second amended complaint.

Defendant opposes this request, pointing out that Fed. R. Civ. P. 18(a) contemplates the joinder of *claims*, not parties. Furthermore, it asserts, the motion could not be granted pursuant to Fed. R. Civ. P. 17, 19, or 21, for various reasons,

---

[1] Pursuant to E.D. Mich. LR 7.1(e)(2), the court orders that these issues will be resolved without oral argument.

including the critical fact that the court has already dismissed Counts I and II, as well as the portion of Count IV Birchcrest hopes to pursue.

The court is in agreement with defendant, and notes that plaintiff/Birchcrest did not file a reply to defendant's response brief.  In the motion, plaintiff and Birchcrest state that "non-party Birchcrest asserts the same claims as described in Count I-Breach of the Michigan Commission Sales Representative Act, MCL 600.2961 as to the Kmart Corporation, Count II-Breach of Contract as to the Kmart Corporation, Count IV-Quantum Meruit, as the Counts claimed in Plaintiff Bruseloff's Second Amended Complaint."  As defendant Punita argues, the court's order of March 21, 2007 dismissed counts I, II, and III, finding that Bruseloff had assigned any interest he had in unpaid sales commissions due on sales made by Punita to Kmart.  Concerning count IV, the portion of the claim that related to Kmart sales was dismissed.

Nonetheless, Birchcrest and plaintiff's motion for joinder of Birchcrest appears to be based on alleged commissions on Kmart sales, due by Punita to Birchcrest under the letter agreement attached to the motion and considered by the court on defendant's motion to dismiss or for summary judgment.  However, as argued by Punita, any interest in these commissions owned by Bruseloff were irrevocably assigned by Bruseloff, and thus all of the claims in which Birchcrest states it wants to join are no longer part of the litigation, as they were dismissed by the court in March of 2007.  Therefore, for Birchcrest to litigate the claims it asserts it desires to pursue, further amendment would be necessary, which would not promote any kind of judicial efficiency and which the court will not permit at this juncture in the litigation, where the adjourned

dispositive motion cut off date is October 12, 2007 and trial is scheduled for February 2008.

Accordingly, the motion for joinder of Birchcrest as a party plaintiff is DENIED.

IT IS SO ORDERED.


Dated: August 23, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk